**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NEYDER ENRIQUEZ NUNEZ LOPEZ,

     Petitioner,

v.

                                        Case No. 1:26-cv-00641-MIS-JFR

SECRETARY, U.S. Department of
Homeland Security; ATTORNEY
GENERAL OF THE UNITED STATES;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; FIELD OFFICE
DIRECTOR, El Paso Field Office, U.S.
Immigration and Customs Enforcement; and
GEORGE DEDOS, Warden of the Cibola
County Correctional Center,

     Respondents.

**ORDER VACATING ORDER OF REFERENCE RELATING TO IMMIGRATION
HABEAS CORPUS PROCEEDINGS AND GRANTING PETITION FOR WRIT OF
HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Neyder Enriquez Nunez Lopez's Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 4, 2026.  The case was originally

assigned to United States District Judge James O. Browning who entered an Order requiring

Respondents to answer the Petition, ECF No. 3, and an Order referring the case to United States

Magistrate Judge John F. Robbenhaar for proposed findings and a recommended disposition

("Order of Reference"), ECF No. 4.  On March 18, 2026, the federal Respondents filed a Response

to the Petition.[1]  On July 30, 2026, the case was reassigned to the undersigned United States District

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing
Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-
mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the
Warden did not respond to the Petition.

Judge.  It is **HEREBY ORDERED** that the Order of Reference is **VACATED** and, upon review of the Parties' submissions, the record, and the relevant law, the Petition is **GRANTED**.

## I.      Background

Petitioner is a citizen of Venezuela who entered the United States on December 18, 2021, with a visitor's visa.  Pet. ¶ 1.  Petitioner was included as a derivative beneficiary on his husband's I-589 application for asylum at the end of February 2023, and was living and working lawfully in New York.  Id. ¶ 2.

On August 19, 2025, Petitioner was falsely accused of Public Lewdness and Exposure of a Person and arrested at New York's Penn Station.  Id.  No charges were pursued; according to Petitioner, "The Independent reported that over 200 men had been arrested at the men's toilet at Penn Station in what was believed to be discriminatory tactics against gay men."  Id. Approximately twenty of those men, including Petitioner, were transferred into ICE custody.  Id. Petitioner was moved to the El Paso Detention Center and then transferred to the Cibola County Correctional Center.  Id. ¶ 3.

Petitioner was issued a Notice to Appear, charging him as being subject to removal for overstaying his period of authorized stay.  Id. ¶ 4.

On September 25, 2025, Petitioner received a custody redetermination hearing, but the Immigration Judge denied bond, finding Petitioner "was a 'danger' to the community due to the dismissed criminal charges."  Id. ¶ 5; see also Order of the Immigration Judge at 1, ECF No. 6 at 16.

On March 4, 2026, Petitioner filed the instant Petition.  ECF No. 1.  On March 12, 2026, Judge Browning entered an Order referring this case to Judge Robbenhaar for proposed findings and a recommended disposition.  ECF No. 4.  On March 18, 2026, Respondents filed a Response.

ECF No. 6.  On July 30, 2026, this case was reassigned to the undersigned United States District Judge.  ECF No. 17.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.     Discussion

As a preliminary matter, the Court hereby **VACATES** the Order of Reference to Judge Robbenhaar.  ECF No. 4.

Petitioner argues that his prolonged detention under 8 U.S.C. § 1226(a)—now exceeding eleven months—has become unconstitutionally excessive.  Pet. ¶¶ 25-33.  He seeks immediate release or, alternatively, a bond hearing.  Id. at 9.

Respondents argue that Petitioner failed to exhaust his administrative remedies by appealing the Immigration Judge's Order denying his bond request.  Resp. at 7-8.  They further argue that the Court lacks jurisdiction to review the Immigration Judge's bond determination

pursuant to 8 U.S.C. § 1252(b)(9).  Id. at 9-10.  Finally, Respondents argue that to the extent Petitioner is subject to 8 U.S.C. § 1226(a), the Court should order another bond hearing before the Immigration Judge rather than release him from detention.  Id. at 11-12.

The Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts.  Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over eleven months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis,  533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Singh v. De Anda-Ybarra, Case No. 1:26-cv-02232-MIS-KRS, 2026 WL 2198770, at *2 (D.N.M. July 30, 2026); Villa v. Warden, Case No. 1:26-cv-02294-MIS-JFR, 2026 WL 2199082, at *2 (D.N.M. July 30, 2026); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8;  Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No.

4

1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); <u>Harutyunyan v. Lyons</u>, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. <u>See</u> <u>Boumediene v. Bush</u>, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.     The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner Neyder Enriquez Nunez Lopez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.     Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.     Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and entertain any motion for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE