**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEYDER ENRIQUEZ NUNEZ LOPEZ,

Petitioner,

v.

Case No. 1:26-cv-00641-MIS-JFR

SECRETARY, U.S. Department of Homeland Security; ATTORNEY GENERAL OF THE UNITED STATES; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; FIELD OFFICE DIRECTOR, El Paso Field Office, U.S. Immigration and Customs Enforcement; and GEORGE DEDOS, Warden of the Cibola County Correctional Center,

Respondents.

**ORDER DENYING RESPONDENTS' MOTION TO PLACE CASE IN ABEYANCE**

**THIS MATTER** is before the Court on Respondents' Motion to Place Case in Abeyance ("Motion"), ECF No. 22, filed September 10, 2026. Petitioner Neyder Enriquez Nunez Lopez filed a Response on September 24, 2026 ("Response"), ECF No. 24, to which Respondents did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

## I. Background

On July 31, 2026, the Court issued an Order granting Petitioner's Petition for Writ of Habeas Corpus and ordering his immediate release from immigration detention. ECF No. 18. The same day, the Court entered Final Judgment. ECF No. 19. On August 29, 2026, Petitioner filed a Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), ECF No. 20, which is fully briefed, ECF Nos. 21, 23. On September 10, 2026, Respondents filed the

instant Motion to Place Case in Abeyance. ECF No. 22. Petitioner filed a Response, ECF No. 24, to which Respondents did not reply.

## II. Discussion

The EAJA authorizes an award of attorneys' fees to a prevailing party "in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . ." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has held that habeas actions challenging immigration detention are "civil actions" for which the EAJA authorizes an attorneys' fee award. Daley v. Ceja, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that "under the EAJA, habeas actions challenging immigration detention are unambiguously 'civil actions'" and that "[t]he EAJA authorizes the award of attorneys' fees to petitioners who prevail against the Government in such actions").

However, there is a circuit split on the issue,[1] and the Supreme Court has granted certiorari to resolve the split. See Montoya Palacios v. Liggins, No. 25-1223, 146 S. Ct. 2789 (June 29, 2026), granting cert. on Palacios v. Bacon, No. 26-6251, 2026 WL 1154321 (4th Cir. Mar. 24, 2026); see also Raul C.E. v. Murray, Civil No. 1:26-cv-04052-MWJS, 2026 WL 2797855, at *1 (E.D. Cal. Sep. 18, 2026) (noting that the Supreme Court in Montoya Palacios "will address the question whether 'under [the] EAJA, 'any civil action' encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention'") (citation omitted). Respondents ask the Court to hold Petitioner's motion for attorneys' fees in abeyance pending the Supreme Court's decision in Montoya Palacios. Mot. at 1-2.

[1] Compare Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) (holding that "habeas corpus proceedings are hybrid actions" for which the EAJA does not authorize attorneys' fees) and Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021) (same), with Daley, 158 F.4th at 1166 (holding that habeas corpus proceedings challenging immigration detention are civil actions for which the EAJA authorizes an attorneys' fee award), Michelin v. Warden Moshannon Valley Corr. Ctr., 469 F.4th 418, 432 (3d Cir. 2026) (same), and Vacchio v. Ashcroft, 404 F.3d 663, 672 (2d Cir. 2005) (same).

This Court joins the many others to have denied such requests. See, e.g., Hilda Sucely R.M.D.E. v. Chestnut, Civil No. 1:26-cv-03903-MWJS, 2026 WL 2797943, at *1-2 (E.D. Cal. Sep. 18, 2026) (citing Guzman Ruiz v. Chestnut, No. 1:26-cv-00509, 2026 WL 1983404, at *1-2 (E.D. Cal. July 9, 2026); V.O. v. Noem, No. 1:25-cv-1796, 2026 WL 2169089, at *1-2 (E.D. Cal. July 28, 2026); E.A.P.C. v. Wofford, No. 1:25-cv-01546, 2026 WL 1983910, at *1-2 (E.D. Cal. July 9, 2026); Jaraba Oliveros v. Kaiser, No. 25-cv-07117, 2026 WL 2323824, at *2-3 (N.D. Cal. Aug. 11, 2026); Ortiz Landazuri v. Mullin, No. 26-cv-01419, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026)). As the court explained in V.O.:

> Entering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees. Such a failure to compensate attorneys may have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity in resolving this motion to bring this case to a close. Indeed, Respondents do not articulate any hardship or inequity which would befall them. Finally, it is in the orderly course of justice to effect swift justice to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues.

2026 WL 2568900, at *2. The Court agrees with this analysis and adopts it. See also G.S. v. Bostock, CASE NO. 2:25-cv-01255-JNW, 2026 WL 2905316, at *3 (W.D. Wash. Sep. 28, 2026) (finding that holding the petitioner's motion for an EAJA fee award in abeyance pending the Supreme Court's decision in Montoya Palacios would "work damage" to the petitioner and the Respondents failed to carry their burden of proving "a clear case of hardship or inequity in being required to go forward") (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

The Tenth Circuit has squarely held that EAJA fee awards are available to prevailing parties in habeas actions challenging immigration detention, Daley, 158 F.4th at 1166, and this Court is bound to apply that holding unless and until it is overturned by the Tenth Circuit sitting en banc or is superseded by a contrary Supreme Court decision, see Christian A.S.C. v. Blanche, Civil No.

26-778 (JRT/LIB), 2026 WL 2392919, at *1 (D. Minn. Aug. 17, 2026) ("[U]ntil the Eighth Circuit or Supreme Court instructs it otherwise, [the court] will consider EAJA fees available in immigration habeas cases."); G.S., 2026 WL 2905319, at *3 ("This is not a case in which the litigants are waiting for a higher court to answer a question of law that is unresolved in this Circuit. There is binding precedent on point.") (citing Nadarajah v. Holder, 569 F.3d 906, 909-10, 926 (9th Cir. 2009)).

## III. Conclusion

Therefore, it is **HEREBY ORDERED** that Respondents' Motion to Place Case in Abeyance, ECF No. 22, is **DENIED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE