**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEYDER ENRIQUEZ NUNEZ LOPEZ,

Petitioner,

v.

Case No. 1:26-cv-00641-MIS-JFR

SECRETARY, U.S. Department of Homeland Security; ATTORNEY GENERAL OF THE UNITED STATES; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; FIELD OFFICE DIRECTOR, El Paso Field Office, U.S. Immigration and Customs Enforcement; and GEORGE DEDOS, Warden of the Cibola County Correctional Center,

Respondents.

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on Petitioner Neyder Enriquez Nunez Lopez's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("Motion"), ECF No. 20, filed August 29, 2026. Respondents filed a Response on September 10, 2026 ("Response"), ECF No. 21, to which Petitioner filed a Reply on September 24, 2026 ("Reply"), ECF No. 23. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** Petitioner's Motion for Attorney Fees and Costs.

## I. Background

Petitioner is a citizen of Venezuela who entered the United States on December 18, 2021, with a visitor's visa. Pet. ¶ 1. Petitioner was included as a derivative beneficiary on his husband's I-589 application for asylum at the end of February 2023, and was living and working lawfully in New York. Id. ¶ 2.

On August 19, 2025, Petitioner was falsely accused of Public Lewdness and Exposure of a Person and arrested at New York's Penn Station. Id. No charges were pursued; according to Petitioner, "[t]he Independent reported that over 200 men had been arrested at the men's toilet at Penn Station in what was believed to be discriminatory tactics against gay men." Id. Approximately twenty of those men, including Petitioner, were transferred into ICE custody. Id. Petitioner was moved to the El Paso Detention Center and then transferred to the Cibola County Correctional Center. Id. ¶ 3.

Petitioner was issued a Notice to Appear, charging him as being subject to removal for overstaying his period of authorized stay. Id. ¶ 4.

On September 25, 2025, Petitioner received a custody redetermination hearing, but the Immigration Judge denied bond, finding Petitioner "was a 'danger' to the community due to the dismissed criminal charges." Id. ¶ 5; see also Order of the Immigration Judge at 1, ECF No. 6 at 16.

On March 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a Response arguing, inter alia, that Petitioner was an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 3-11.

On July 31, 2026, the Court issued an Order granting the Petition and ordering Petitioner's immediate release. ECF No. 18. Specifically, the Court found that

> Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over eleven months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's

> detention is punitive and a violation of his Fifth Amendment substantive due process rights[.]

Id. at 4 (citing Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Singh v. De Anda-Ybarra, Case No. 1:26-cv-02232-MIS-KRS, 2026 WL 2198770, at *2 (D.N.M. July 30, 2026); Villa v. Warden, Case No. 1:26-cv-02294-MIS-JFR, 2026 WL 2199082, at *2 (D.N.M. July 30, 2026); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026); Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026)).

On August 29, 2026, Petitioner filed the instant Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 20. He seeks fees in the amount of $16,800. Id. at 8. In support of the Motion, Petitioner attached, inter alia, the Declaration of Neyder Enrique Nunez Lopez ("Nunez Lopez Decl."), id. at 11; the Declaration of Brenda Villalpando, id. at 19-20; the Declaration of Petitioner's attorney Cynthia R. Lopez, id. at 22-23; and Ms. Lopez's time sheet, id. at 25-26.

On September 10, 2026, Respondents filed their Response, ECF No. 21, to which Petitioner filed a Reply, ECF No. 23.

## II. Legal Standard

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." Daley v. Ceja, 158 F.4th 1152, 1166 (10th Cir. 2025). To be eligible for an EAJA fee award, an individual cannot have a net worth exceeding $2,000,000 at the time the civil action is filed, 28 U.S.C. § 2412(d)(2)(B), and must file the application for attorneys' fees within thirty days of final judgment, 28 U.S.C. § 2412(d)(1)(B). If the individual meets the eligibility requirements, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). The petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award. 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 414 (2004). The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust. See Hackett, 475 F.3d at 1170; Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 81-82 (2d Cir. 2009); Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir. 1991).

## III. Discussion

Having been granted habeas relief, Petitioner now seeks an award of attorneys' fees and costs under the EAJA in the amount of $16,800. Mot. at 8. Respondents argue that the Motion should be denied because Respondents' position was substantially justified, Resp. at 2-4, and special circumstances would render a fee award unjust, id. at 4-5. However, they did not contest the amount of attorneys' fees and costs requested. See generally id. at 1-5.

Because Petitioner timely filed his Motion and is otherwise eligible for a fee award under the EAJA, and because the Government failed to carry its burden of showing (1) that its position

was substantially justified or (2) special circumstances would render a fee award unjust, the Court will grant Petitioner's Motion.

**a. Eligibility**

First, to be eligible for an award of attorneys' fees under the EAJA, an individual cannot have a net worth in excess of $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). Petitioner's Declaration states that he satisfies this requirement, Nunez Lopez Decl. ¶ 1, and Respondents do not dispute that assertion. Accordingly, the Court finds that Petitioner is eligible for an award of attorneys' fees under the EAJA because he does not have a net worth above the statutory limit.

**b. Prevailing party**

Next, Petitioner argues that he is a prevailing party for purposes of the EAJA because this Court granted him the relief sought in his Petition for Writ of Habeas Corpus and ordered his immediate release from detention. Mot. at 3. Respondents do not substantively dispute Petitioner's argument; however, in a section of their Response titled "Special Circumstances Weigh Against EAJA Fee Award[,]" they state, ipse dixit, that "ultimately there has been no material change in the relationship between the parties." Resp. at 4.

A party is a "prevailing party" under the EAJA when he secures a "judicially sanctioned [material] change in the legal relationship of the parties." Al-Maleki v. Holder, 558 F.3d 1200, 1204, 1205 (10th Cir. 2009) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 605 (2001)).

The Court finds that Petitioner is a prevailing party for purposes of the EAJA. Having granted the Petition, declared Petitioner's detention unlawful, and ordered his release, the Court's Order and resulting judgment led to a "material alteration of the legal relationship of the parties[.]"

Buckhannon, 532 U.S. at 604. Consequently, Petitioner is a prevailing party. See Aguilar v. Blanche, Case No. 1:25-cv-00996-KWR-KK, 2026 WL 1078966, at *2 (D.N.M. Apr. 21, 2026); Makarenko v. Mullin, Case No. 1:26-cv-00225-MIS-GBW, 2026 WL 1396528, at *3 (D.N.M. May 19, 2026); Tiapa Moreno v. Castro, Case No. 2:26-cv-00273-MIS-DLM, 2026 WL 1396588, at *4 (D.N.M. May 19, 2026).

**c. Substantial justification**

Respondents argue that they had a reasonable basis for the facts asserted, Resp. at 2-3, and for the legal theory proposed, id. at 3-4.

A position is substantially justified if it has a "reasonable basis both in law and fact[.]" Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also id. at 566 n.2. "[T]he government must establish three components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged." Harris v. R.R. Ret. Bd., 990 F.2d 519, 520-21 (10th Cir. 1993) (citing Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988)). The government's position includes both the underlying governmental action (or failure to act) and its litigation position. Al-Maleki, 558 F.3d at 1207; see also 28 U.S.C. § 2412(d)(2)(D).

The Court finds that Respondents failed to identify a reasonable basis for the facts asserted. It does not describe Respondents' justification for the change in agency practice—i.e., subjecting to mandatory detention all noncitizens within the United States, as opposed to only those arriving at border crossing or port of entry;[1] and it does not justify the mandatory detention of Petitioner—who came to the United States legally, timely filed an Application for Asylum (which remains

[1] See Ramirez v. Noem, 829 F. Supp. 3d 949, 953-54 (D.N.M. 2026) (describing change in policy).

pending), had been living peaceably in the U.S. for four years, and had complied with all immigration-related requirements—and how the facts reasonably supported its legal theory. "Thus, by ignoring elements of the reasonableness test, the Government has not justified its position." Aguilar, 2026 WL 1078966, at *3 (finding that the Government's position was not substantially justified where it failed to argue that the underlying facts and how the facts reasonably supported its legal theory were substantially justified); see also Lin v. Mullin, Case No. 1:26-cv-01216-MIS-JFR, 2026 WL 1587303, at *2 (D.N.M. June 3, 2026); Francisco v. Dedos, No. 1:25-cv-1229 MIS-GJF, 2026 WL 1557164, at *4 (D.N.M. June 2, 2026), report and recommendation adopted 2026 WL 1743670 (D.N.M. June 17, 2026); Makarenko, 2026 WL 1396528, at *4; Tiapa Moreno, 2026 WL 1396588, at *5-6.

For these reasons, the Court finds that Respondents failed to carry their burden of establishing that their position was substantially justified. See id.

**d. Special circumstances that would render a fee award unjust**

Finally, Respondents argue that "[t]here are additional circumstances that render an EAJA fee award unjust in the present case, including the unique predicament that such an award would place Respondents and that ultimately there has been no material change in the relationship between the parties."[2] Resp. at 4. Specifically, they argue that at the time of the challenged conduct, "Respondents['] actions at an agency level (i.e. the classification of Petitioner under 8 U.S.C. § 1225) [we]re mandated by binding authority from the BIA[,]" i.e., the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Id. at 5. In Hurtado, the BIA held that all noncitizens residing in the United States are subject to the

[2] The Court has already found that there has been a material change in the relationship between the Parties and therefore summarily rejects Respondents' argument that an absence of a material change in the relationship between the Parties presents a "special circumstance" weighing against a fee award.

mandatory detention requirements of 8 U.S.C. § 1225(b), and therefore are not entitled to a bond hearing. 29 I. & N. Dec. at 218. Several months after Petitioner filed his Petition, the Tenth Circuit rejected Hurtado, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." Santillan Quiroz v. Mullin, 180 F.4th 1226, 1237 (10th Cir. 2026). Respondents argue that "[t]o acknowledge the practical reality that Respondents [we]re legally bound to follow Hurtado, while simultaneously penalizing Respondents for doing so, would place Respondents in an impossible position." Resp. at 4.

The Court rejects Respondents' argument. The Court agrees with United States District Judge Kea Riggs in Aguilar: Respondents—and in particular, Attorney General Todd Blanche—had the authority to right the wrong of Hurtado. As Judge Riggs explained:

> The Court rejects the Government's attempt to cast the individual respondents as anything less than the leaders of their respective agencies, departments, and institutions. The Attorney General has broad authority to review de novo BIA decisions, including Hurtado. See 8 C.F.R. § 1003.1(g), (h). Through this process, the Attorney General could overturn this BIA precedent. Thus, the Attorney General is the final arbiter of the immigration agency's interpretation of a statute, including the statutes dealing with detention. Cf. Bamidele v. INS, 99 F.3d 557, 563–64 (3d Cir. 1996) (noting that attorney general overruled prior BIA interpretation of immigration statute and that attorney general's interpretation became one adopted by INS). Therefore, the Government is not powerless to consider and overturn Hurtado until the Tenth Circuit or the Supreme Court weighs in.

Aguilar, 2026 WL 1078966, at *4. In other words, Respondents were only "bound" by Hurtado because they wanted to be. That is not a "special circumstance" that would render a fee award unjust. Makarenko, 2026 WL 1396528, at *5; Tiapa Moreno, 2026 WL 1396588, at *6.

For these reasons, the Court finds that there are no special circumstances that would make an EAJA fee award unjust in this case. See id.; see also Garcia v. Wamsley, 824 F. Supp. 3d 1159, 1168 (W.D. Wash. 2026) (finding that there were no special circumstances that would make an

EAJA fee award unjust in an immigration habeas case); Oscar C.M. v. Knight, No. 1:25-cv-01915-TLN-SCR, 2026 WL 743350, at *2 (E.D. Cal. Mar. 17, 2026) (same).

And because Respondents do not challenge the amount of fees requested by Petitioner, and because that amount is supported by record evidence, see ECF No. 20 at 11-26, the Court will award the full amount requested. See Aguilar, 2026 WL 1078966, at *4; Lin, 2026 WL 1587303, at *3; Makarenko, 2026 WL 1396528, at *5; Tiapa Moreno, 2026 WL 1396588, at *7.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner Neyder Enriquez Nunez Lopez's Motion for Attorneys' Fees and Costs Pursuant to the EAJA, ECF No. 20, is **GRANTED**; and
2. Petitioner shall have and receive from Respondents the amount of $16,800, for which sum let execution issue.[3]

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

[3] The fees will be paid to Petitioner but delivered to Petitioner's attorney. See Astrue v. Ratliff, 560 U.S. 586, 595–98 (2010); Manning v. Astrue, 510 F.3d 1246, 1250–51 (10th Cir. 2007).